## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PREETI SHARMA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _ |
| | ) | |
| v. | ) | Cook County Case No. 2023L003382 |
| | ) | |
| MMD Services, Inc., MARIA DUBOV, AND ARDAGH METAL PACKAGING USA CORP, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants MMD Services, Inc., Maria Dubov, and Ardagh Metal Packaging USA Corp. ("Defendants") hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, on the following grounds:

1.     On April 6, 2023, Plaintiff, Preeti Sharma, filed an eight-count Complaint against Defendants in the Circuit Court of Cook County, Illinois, wherein Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as amended, *et seq.* ("Title VII"), as well as claims under the Illinois Human Rights Act ("IHRA"). *Ex. A.*

2.     On April 12, 2023, Defendants MMD Services, Inc. and Maria Dubov accepted service of Plaintiff's Complaint Request for Waiver of Summons. Defendant Ardagh Metal Packaging USA Corp. accepted service of Plaintiff's Complaint on April 25, 2023. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within 30 days of the dates Defendants were served with summons. *Ex. B.*

3.     The above-described lawsuit is a civil action in which this Court has original

1

jurisdiction under the provisions of 28 U.S.C § 1331 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C §1441 as Plaintiff has brought claims of gender discrimination under Title VII. *See* (Complaint, Count IV). Plaintiff's claim under Title VII is a federal claim which arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter.

4.     Plaintiff's Complaint against Defendants also includes state law claims of gender and sexual orientation discrimination and retaliation under the IHRA for which this Court should assume pendant jurisdiction pursuant to 28 U.S.C. § 1441(c) and/or 28 U.S.C. § 1367. *See* (Complaint, Counts I, II, III). Here, all of Plaintiff's claims arise from the same nucleus of facts and circumstances. The gravamen of Plaintiff's lawsuit is that Defendants discriminated against her based on her pregnancy. These allegations form the basis of Plaintiff's Title VII and IHRA claims. Thus, the Court should exercise supplemental jurisdiction in this case over Plaintiff's state law claims which are intertwined with her Title VII claim.

5.     As required by 28 U.S.C § 1446(d), notice of removal will be served upon all parties of record and will be filed with the Circuit Court of Cook County, Illinois.

6.     All Defendants have joined in and consent to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(A).

7.     The United States District Court for the Northern District of Illinois, Eastern Division, is the District Court for the district encompassing Cook County, Illinois. 28 U.S.C § 93(a)(1).

8.     Pursuant to the requirements of 28 U.S.C § 1446(a), the pleadings filed in the Cook County action have been filed herewith.

WHEREFORE, Defendants, MMD Services, Inc., Maria Dubov, and Ardagh Metal Packaging USA Corp., hereby give notice of removal of this action to the United States District Court for the Northern District of Illinois.

Date: May 8, 2023                    Respectfully submitted,

                                     MMD SERVICES, INC., MARIA DUBOV, and ARDAGH
                                     METAL PACKAGING USA CORP.

                                     By: /s/ Amy S. Cramer

                                     Amy S. Cramer (ARDC # 6308140)
                                     Thomas. M. Cramer (ARDC # 6322468)
                                     Cramer Law Group
                                     161 N. Clark Street
                                     Floor 17
                                     Chicago, IL 60601
                                     312-924-0219
                                     acramer@cramer-law.com
                                     tcramer@cramer-law.com

                                     Tracy M. Billows
                                     tbillows@seyfarth.com
                                     Kyla J. Miller
                                     kjmiller@seyfarth.com
                                     James P. Nasiri
                                     jnasiri@seyfarth.com
                                     SEYFARTH SHAW LLP
                                     233 South Wacker Drive, Suite 8000
                                     Chicago, Illinois  60606-6448
                                     Telephone:      (312) 460-5000
                                     Facsimile:      (312) 460-7000

                                     ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

The undersigned attorney hereby certifies that on this 8th day of March, 2022, she electronically filed via ECF and emailed the foregoing to the following:

Seth Yohalem
WASKOWSKI JOHNSON YOHALEM LLP
954 West Washington Boulevard
Suite 322
Chicago, Illinois 60607
syohalem@wjylegal.com
Phone: 312-278-3153

The Garfinkel Group, LLC
Max Barack
max@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

/s/Amy S. Cramer

Amy S. Cramer
Thomas M. Cramer
Cramer Law Group
161 N. Clark Street
Floor 17
Chicago, IL 60601
312-924-0219
acramer@cramer-law.com
tcramer@cramer-law.com

Date: May 8, 2023

FILED
4/6/2023 4:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L003382
Calendar, T
22193555

FILED DATE: 4/6/2023 4:43 PM   2023L003382

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Preeti Sharma, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _ |
| v. ) | |
| ) | |
| MMD Services Inc.; Maria Dubov; ) | **Jury Trial Demanded** |
| Ardagh Metal Packaging USA Corp., ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT

NOW COMES the Plaintiff, PREETI SHARMA, by and through her attorneys Waskowski Johnson Yohalem LLP and the Garfinkel Group, LLC, and complaining of Defendants, MMD SERVICES INC. ("MMD"), MARIA DUBOV ("Dubov") (collectively, the "MMD Defendants"), and Ardagh Metal Packaging USA Corp. ("Ardagh"), states as follows:

### INTRODUCTION

1. Sharma brings this case after the MMD Defendants and Ardagh failed to make reasonable accommodations and terminated her employment because of her pregnancy.

2. MMD is a placement company that places employees with technology companies. Dubov is the founder and owner of MMD and interacted with Sharma on behalf of MMD at all relevant times.

3. On behalf of MMD, Dubov recruited Sharma away from her prior job with a promise that she would receive a full-time position working at Ardagh (through MMD) for a salary of $75 per hour.

FILED DATE: 4/6/2023 4:43 PM  2023L003382

4.  Although Sharma was a white-collar information technology worker, the initial offer required her to work at Ardagh's office two days per week and remotely the rest of the time. Dubov represented that Sharma would eventually be transitioned to full-time employment directly by Ardagh.

5.  Sharma began working at Ardagh in August of 2022.

6.  Shortly thereafter, she discovered she was unexpectedly pregnant.

7.  As a result of the pregnancy, Sharma began experiencing severe morning sickness, which made her physically ill whenever she traveled by car. She sought medical care and received prescriptions to treat this condition, but they did not prevent her from getting sick each time she travelled by car.

8.  Accordingly, Sharma requested the reasonable accommodation that she be allowed to work from home on days when she was experiencing her morning sickness until her morning sickness passed, which she expected to be a matter of weeks. Nothing in her job responsibilities required her to work in the office and she successfully worked from home three days per week as it was.

9.  Alternatively, Sharma requested medical leave on the days she was supposed to be physically present at Ardagh's offices until her morning sickness symptoms passed, which she assumed would happen by her second trimester of pregnancy.

10.  The MMD Defendants and Ardagh refused Sharma's requests for a reasonable pregnancy accommodation.  Instead, Dubov offered to pay for her to take an Uber to work, which would not address Sharma's problem of getting sick when she travelled by car.  Sharma explained to Dubov that this would not work for her.

11.  After Sharma was unable to physically come to the office (but actively worked from home) for the next in-office workday, Dubov terminated her placement at Ardagh.

12. Dubov stated in writing that MMD terminated Sharma's placement because "we were asked to take you off this project, because you couldn't comply with the job requirements to be in the office 2 days a week."

13. Thus, the MMD Defendants and Ardagh terminated Sharma's employment at Ardagh specifically because her morning sickness made her unable to physically come to the office for a short period of time – a textbook case of pregnancy discrimination.

14. Accordingly, Sharma brings claims for disparate treatment, failure to make reasonable accommodations, and retaliation pursuant to the Illinois Human Rights Act, and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964.

## PARTIES, JURISDICTION, AND VENUE

15. Plaintiff Preeti Sharma is a resident of Cook County, Illinois.

16. Defendant MMD Services, Inc. is an Illinois company with its principal place of business in Chicago, Illinois. Upon information and belief, MMD is engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2022 and/or 2021.

17. Defendant Maria Dubov is the owner and founder of MMD and, upon information and belief, is an Illinois resident.

18. Ardagh is a foreign, multinational corporation, with an office in Chicago, Illinois. Upon information and belief, Ardagh is engaged in an industry affecting commerce and had fifteen or more employees for each working days in each of twenty or more calendar weeks in 2022 and/or 2021.

19. Jurisdiction and venue are proper because the events giving rise to Sharma's claims occurred in Cook County, Illinois.

FILED DATE: 4/6/2023 4:43 PM 2023L003382

FILED DATE: 4/6/2023 4:43 PM    2023L003382

## PROCEDURAL REQUIREMENTS

20.     Sharma has complied with all administrative prerequisites by filing charge of discrimination based on pregnancy discrimination and wrongful termination with the Illinois Department of Human Rights (IDHR), which were cross-filed with the Equal Employment Opportunity Commissions ("EEOC"). These filings were made within 300 days of the violations alleged in those charges.

21.     On December 22, 2022, Sharma filed charges of discrimination against MMD Services, Inc., Dubov, and Ardagh Group, respectively, with the IDHR, which were cross-filed with the EEOC as against MMD and Ardagh. (Charges and accompanying documents attached collectively as Exhibit A).

22.     On January 31, 2023, Sharma filed her opt-out forms, and requested that the Director of IDHR issue a Notice of Opt Out of the IDHR's Investigation and Administrative Process, and of Right to Commence an Action in the Appropriate Circuit Court or Other Appropriate Court of Competent Jurisdiction (Notices of Opt Out, attached as Group Exhibit B.)

23.     On March 1, 2023, the IDHR issued Right to Commence an Action letters for Sharma's above-discussed Charges, which are attached as Group Exhibit C.

24.     On March 15, Sharma notified the EEOC via email that she had opted out of the IDHR investigation and requested Notice of a Right to Sue from the EEOC.

25.     On March 17, 2023 the EEOC issued her a Notice of Right to Sue against MMD and Ardagh, which Plaintiff received on March 31, 2023. (Notice of Right to Sue, attached as Exhibit D.)

26.     Accordingly, Sharma has satisfied all procedural requirements to bring this action.

FILED DATE: 4/6/2023 4:43 PM   2023L003382

## FACTS

### The MMD Defendants Recruit Sharma to Work for Ardagh

27.     Sharma is an information technology professional with a degree in computer application and fifteen years of industry experience.

28.     MMD is a staffing company, founded and run by Dubov, that holds itself out as "the home of 'The Queen of Staffing!'" and claims that it provides "Tech Hiring Made Easy" for companies looking for technology workers.

29.     One of the services MMD purports to provide to companies is "Contract to hire (AKA 'try before you buy')."

30.     Under this service, MMD hires workers, places them at technology companies, and then charges the technology company for the worker's time.  Then, after "trying" the worker as an employee, the company hires the worker itself.

31.     Ardagh is a multi-national packaging company with numerous logistical and technological needs.  It turned to MMD to hire someone to act as a delivery and project manager to handle various networking needs, including installing firewalls at its facilities.

32.     In turn, Dubov recruited Sharma to fill the position, telling her that it likely would become a full-time position with Ardagh. At the time, Sharma was employed full-time at another company.

33.     As part of MMD's recruitment, Dubov told Sharma that she would start at Ardagh as a "placed worker," whose paychecks would come from MMD, but that eventually Ardagh would hire her as a full-time worker.

34.     Other than MMD paying her paychecks, Ardagh controlled all aspects of Sharma's employment, including but not limited to her job duties and work hours.

FILED DATE: 4/6/2023 4:43 PM  2023L003382

35.     The terms of Sharma's offer from MMD were memorialized in an offer letter, attached as Exhibit E.

36.     As explained both orally and in her offer letter, MMD was hiring Sharma "for Hybrid on-site work" on a W2 basis for $75 per hour.

37.     Sharma's position would involve working from Ardagh's offices two days per week and working remotely the other three days per week.

38.     Because the position at Ardagh paid considerably more than her previous employment, Sharma accepted the position and began working for Ardagh.

**Sharma Works For Ardagh**

39.     Sharma began working for Ardagh in late August.

40.     As part of her employment, Sharma reported to a direct supervisor at Ardagh, Daniel Jozwiak. Consistent with MMD's "try before you buy" model, although MMD paid Sharma's wages, Ardagh controlled all aspects of Sharma's work, the same as if she was already working there directly.

41.     Ardagh assigned her to work as an infrastructure project manager to handle various network-related issues, including implementing various cybersecurity firewalls.

42.     Sharma's job required her to coordinate with different teams at Ardagh.

43.     When she was physically present at Ardagh, nearly all of Sharma's time was spent in her office.

44.     Sharma only occasionally had brief, in-person meetings. Most of her meetings, including meetings with other Ardagh employees, were conducted remotely, either over Microsoft Teams or on the telephone, even when she was working in the office.

45.     Sharma's work, which was entirely done on her computer, did not require her to physically interact with anyone or anything at Ardagh's office.

FILED DATE: 4/6/2023 4:43 PM   2023L003382

46.     In short, while it was Ardagh's preference that Sharma physically be on location two days per week, there was nothing inherent about her job or duties that required her to be in the office to perform her work. Like many white-collar jobs, Sharma could and did perform the same tasks remotely on the three days she was working from home.

**Defendants Terminate Sharma Because Her Pregnancy Prevents Her From Working Onsite**

47.     In early September, Sharma unexpectedly discovered she was pregnant. She and her husband began planning for having a second child.

48.     Shortly after discovering she was pregnant, Sharma began experiencing symptoms as a result of her pregnancy, to wit, extreme morning sickness, which caused her to become ill any time she travelled by car or was otherwise exposed to motion.

49.     Sharma's doctor prescribed medication to treat her morning sickness, but Sharma still became sick when she rode in vehicles, even when after taking her prescribed medication.

50.     Sharma notified both Dubov and Ardagh that she was too sick to physically travel by car to Ardagh on the two days per week that she was assigned to be onsite.

51.     Sharma requested that Defendants accommodate her pregnancy-related condition by permitting her to work from home for the two weeks remaining in her first trimester, after which she expected her morning sickness symptoms to pass. She also offered to take sick leave until her symptoms subsided.

52.     Sharma made these request for pregnancy accommodations through text messages and emails to Dubov. Sharma further shared her prescription for morning sickness medication. She also told Dubov that she would next see her doctor on September 30, 2022 and that she could obtain a note at that appointment.

53.     In response, Dubov offered to send her to work in an Uber. Sharma explained that riding in a vehicle still made her sick such that the offer did not address her condition.

7

FILED DATE: 4/6/2023 4:43 PM   2023L003382

54.     This discussion between Sharma and Dubov, was memorialized in a text message from Dubov sent on September 20, 2022, which stated "I shared with Ardagh that I asked you about providing Uber Rides. However, you said that wasn't an option because you are expecting nausea when riding in the car." (September 20, 2023 text message, attached as Exhibit F).

55.     Following this exchange, Dubov responded further as follows via email:

> Your job requirements are to be in the office 2 days a week, specifically Tuesday & Wednesday. For the remaining three days you may work from home. This is and will remain a requirement. We will accommodate you by paying for Uber rides so that you do not have to drive. Once you have your doctor's note, please share it. The company will review it and determine if other reasonable accommodations are possible.

Dubov did not explain why no reasonable accommodation could be made, why Sharma needed to physically be present in the office, nor why Dubov was offering to send Sharma to work in an Uber when Sharma had already told her that she could not physically travel while experiencing morning sickness.

56.     Based on her earlier conversation with Dubov, Sharma understood that both Dubov and Ardagh knew she would not be able to come into the office when she was ill.

57.     The following Tuesday, when she was next due to work in the office, Sharma again experienced extreme morning sickness, and was forced to work from home. Sharma participated in calls and meetings from home as she normally would and fulfilled all job responsibilities. She again explained that she could not travel because she would get sick. She had a discussion with Jozwiak, her supervisor at Ardagh, who asked her to let him know when she would not be in the office in the future.

58.     That day, after the conclusion of Sharma's work, Dubov informed Sharma that MMD was terminating her employment with Ardagh.

59.     Dubov later explained the termination, stating, via email, "we were asked to take you off this project, because you couldn't comply with the job requirements to be in the office 2 days a

FILED DATE: 4/6/2023 4:43 PM    2023L003382

week, specifically Tuesday & Wednesday." Dubov, again, made no effort to explain why a white-collar worker, who interacted primarily via Microsoft Teams and telephone, needed to be physically present at Ardagh, or why her requested pregnancy accommodation could not be accommodated.

60.     The only reason Sharma could not be in the office was because of her morning sickness.  Moreover, there was no reason that Ardagh and MMD could not provide the reasonable accommodation of allowing her to work remotely while ill.

61.     Defendants, collectively, failed to engage in the interactive process and/or explain why Sharma's requested accommodation could not be granted.

62.     In other words, Ardagh and the MMD Defendants willfully and explicitly terminated Sharma's placement because of her pregnancy and request for pregnancy accommodations.

63.     Ardagh and the MMD Defendant's actions in terminating Sharma violated the IHRA, which provides, in relevant part:

> It is a civil rights violation … For an employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth. Women affected by pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, regardless of the source of the inability to work or employment classification or status.

775 Ill. Comp. Stat. Ann. 5/2-102.

64.     The regulations promulgated to assist with interpreting the IHRA only emphasize this point, providing, in relevant part:

> An employer may not refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of a pregnancy condition.

Ill. Admin. Code tit. 56, § 2535.200.

FILED DATE: 4/6/2023 4:43 PM   2023L003382

65. The regulations also expressly prohibit retaliation against employees who seek pregnancy-related accommodations, providing:

> a) An employer may not deny employment opportunities or benefits, or otherwise take an adverse action against a qualified job applicant or employee because the job applicant or employee requested or needed an accommodation for her known pregnancy condition. b) An employer may not retaliate against a person because the person requested, attempted to request, used or attempted to use a reasonable accommodation for her pregnancy condition.

Ill. Admin. Code tit. 56, § 2535.210.

66. Likewise, MMD and Ardagh's actions violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, which prohibit discrimination on the basis of sex, which includes pregnancy discrimination. 42 U.S.C. §§2000e-2(a)(1); 42 U.S.C.S. § 2000e-2(b); 42 U.S.C.S. § 2000e(k).

67. Notwithstanding these provisions of the IHRA and Title VII, Defendants terminated Sharma because of her pregnancy.

68. As a result of Defendant's conduct, Sharma has lost a promising job opportunity paying approximately $150,000 per year and experienced significant financial and emotional distress.

## COUNT I
## IHRA – PREGNANCY DISCRIMINATION
## PREGNANCY DISCRIMINATION – DISPARATE TREATMENT – TERMINATION BECAUSE OF PREGNANCY
### (Against All Defendants)

69. Sharma realleges and incorporates paragraphs 1 through 68 as if fully stated herein.

70. Under the IHRA, it is a civil rights violation for an employer to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth. 775 Ill. Comp. Stat. 5/2-102.

FILED DATE: 4/6/2023 4:43 PM    2023L003382

71.    Illinois employers may not discharge employees on the basis of a pregnancy condition. 775 Ill. Comp. Stat. Ann. 5/2-102; Ill. Admin. Code tit. 56, § 2535.200.

72.    Sharma was each of MMD, Dubov, and Ardagh's employee and each of MMD, Dubov, and Ardagh were employers, within the meaning of the IHRA. 775 Ill. Comp. Stat. 5/2-101(A)(1)(a); 5/2-101(B)(1)(a), (b).

73.    Defendants violated the IHRA when they terminated Sharma's placement at Ardagh because she was unable to come to work in-person because she was pregnant and/or because she requested a reasonable accommodation for her morning sickness.

74.    Sharma has suffered significant damages, including loss of wages and emotional distress, as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Preeti Sharma requests that this Court enter judgement in her favor as follows:

    A.  Finding that each of the Defendants violated the Illinois Human Rights Act;

    B.  Awarding her actual damages authorized by the IHRA, including:

        1.  front pay;

        2.  back pay; and

        3.  payment for fringe benefits, including but not limited to health insurance, lost paid maternity leave, and partial payment for maternity leave as authorized under Defendants' company policies; 775 Ill. Comp. Stat. 5/8A-104; 775 Ill. Comp. Stat. 5/8-111;

    C.  Awarding her interest on unpaid damages;

    D.  Awarding her reasonable attorneys' fees;

    E.  Awarding her the costs of this action; and

F.  Entering any other relief deemed just and reasonable by this Court.

**COUNT II**
**IHRA – PREGNANCY DISCRIMINATION**
**FAILURE TO PROVIDE PREGNANCY-RELATED ACCOMMODATIONS**
**(Against All Defendants)**

75.     Sharma realleges and incorporates paragraphs 1 through 68 as if fully stated herein.

76.     Under the IHRA, it is a civil rights violation for an employer to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth. 775 Ill. Comp. Stat. 5/2-102.

77.     Under the IHRA, it is, likewise, a civil rights violation for an employer to not make reasonable accommodations for any employee related to pregnancy, after that employee has requested such an accommodation. 775 Ill. Comp. Stat. 5/2-102; Ill. Admin. Code tit. 56, § 2535.100.

78.     Sharma was each of MMD, Dubov, and Ardagh's employee and each of MMD, Dubov, and Ardagh were employers, within the meaning of the IHRA. 775 Ill. Comp. Stat. 5/2-101(A)(1)(a); 5/2-101(B)(1)(a), (b).

79.     Sharma requested reasonable pregnancy accommodations, to wit, temporarily working remotely full-time, as opposed to some of the time, in September 2022.

80.      Once Sharma had requested reasonable pregnancy Defendants, as Sharma's employers, were subject to the following obligations:

**2535.160 Duties of the Employer**

a) Once the job applicant or employee has initiated a request for accommodation for her pregnancy condition, it is the duty of the employer to provide the necessary accommodation in conformance with this Part.

b) An employer has an obligation to provide timely responses to reasonable accommodation requests. An undue delay in responding to a reasonable

12

FILED DATE: 4/6/2023 4:43 PM    2023L003382

FILED DATE: 4/6/2023 4:43 PM    2023L003382

accommodation request may be deemed to be a failure to provide a reasonable accommodation.

Ill. Admin. Code tit. 56, § 2535.160.

81.    Defendants violated the IHRA by:

    a.    Failing to engage in the interactive process; and

    b.    Refusing to provide reasonable pregnancy accommodations.

82.    As a direct result of this violation of the IHRA, Plaintiff suffered damages in the form of in the form of lost wages, benefits, and employment opportunities, and severe emotional distress.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, Preeti Sharma requests that this Court enter judgement in her favor as follows:

    A.    Finding that each of the Defendants violated the Illinois Human Rights Act;

    B.    Awarding her actual damages authorized by the IHRA, including:

        1.    front pay;

        2.    back pay; and

        3.    payment for fringe benefits, including but not limited to health insurance, lost paid maternity leave, and partial payment for maternity leave as authorized under Defendants' company policies; 775 Ill. Comp. Stat. 5/8A-104; 775 Ill. Comp. Stat. 5/8-111;

    C.    Awarding her interest on unpaid damages;

    D.    Awarding her reasonable attorneys' fees;

    E.    Awarding her the costs of this action; and

    F.    Entering any other relief deemed just and reasonable by this Court.

FILED DATE: 4/6/2023 4:43 PM    2023L003382

**COUNT III**
**IHRA– PREGNANCY DISCRIMINATION**
**RETALIATION FOR SEEKING PREGNANCY ACCOMMODATIONS**
**(Against All Defendants)**

83.     Sharma realleges and incorporates paragraphs 1 through 68 as if fully stated herein.

84.     Under the IHRA, it is a civil rights violation for an employer to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth. 775 Ill. Comp. Stat. 5/2-102.

85.     Under the IHRA, an employer may not retaliate against a person because the person requested, attempted to request, used or attempted to use a reasonable accommodation for her pregnancy condition. Ill. Admin. Code tit. 56, § 2535.210.

86.     Sharma was each of MMD, Dubov, and Ardagh's employee and each of MMD, Dubov, and Ardagh were employers, within the meaning of the IHRA. 775 Ill. Comp. Stat. 5/2-101(A)(1)(a); 5/2-101(B)(1)(a), (b).

87.     Defendants, by their management or agents, violated the IHRA when they terminated Sharma's employment as retaliation for her requesting, attempting to request, using or attempting to use a reasonable accommodation for her pregnancy condition when she attempted to seek a reasonable accommodation in the form of temporarily working from home. Ill. Admin. Code tit. 56, § 2535.210.

88.     As a direct result of this violation of the IHRA, Sharma suffered damages in the form of lost wages, benefits, and employment opportunities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Preeti Sharma requests that this Court enter judgement in her favor as follows:

FILED DATE: 4/6/2023 4:43 PM  2023L003382

A.  Finding that each of the Defendants violated the Illinois Human Rights Act;

B.  Awarding her actual damages authorized by the IHRA, including:

  1.  front pay;

  2.  back pay; and

  3.  payment for fringe benefits, including but not limited to health insurance, lost paid maternity leave, and partial payment for maternity leave as authorized under Defendants' company policies; 775 Ill. Comp. Stat. 5/8A-104; 775 Ill. Comp. Stat. 5/8-111;

C.  Awarding her interest on unpaid damages;

D.  Awarding her reasonable attorneys' fees;

E.  Awarding her the costs of this action; and

F.  Entering any other relief deemed just and reasonable by this Court.

**COUNT IV**
**Title VII (42 U.S.C. § 2000e et seq.)**
**PREGNANCY DISCRIMINATION –TERMINATION BECAUSE OF SEX**
**(PREGNANCY)**
**(Against MMD and Ardagh)**

89.    Sharma realleges and incorporates paragraphs 1 through 68 as if fully stated herein.

90.    Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

91.    It further provides that it is unlawful for an employment agency to "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(b).

FILED DATE: 4/6/2023 4:43 PM    2023L003382

92.     It further specifies that that the terms "because of sex" or "on the basis of sex" include "because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work. 42 U.S.C.S. § 2000e (k).

93.     Sharma was MMD and Ardagh's employee and MMD and Ardagh were employers, within the meaning of the Title VII. 42 U.S.C.S. §§ 2000e(b); (f).

94.     In addition, MMD was an employment agency withing the meaning of Title VII. § 2000e(c).

95.     MMD and Ardagh violated Title VII when they terminated Sharma's placement at Ardagh because she was pregnant.

96.     MMD and Ardagh acted with malice and/or reckless indifference to Sharma's federally protected rights.

97.     Sharma has suffered significant damages, including loss of wages and emotional distress as a result of MMD and Ardagh's violations of her rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Preeti Sharma requests that this Court enter judgement in her favor as follows:

     A.  Finding that each of MMD and Ardagh violated Title VII;

     B.  Awarding her compensatory damages authorized by the Title VII, including:

        1.  front pay;

        2.  back pay; and

FILED DATE: 4/6/2023 4:43 PM   2023L003382

      3.   payment for fringe benefits, including but not limited to health insurance, lost paid maternity leave, and partial payment for maternity leave as authorized under Defendants' company policies;

C.  Awarding her interest on unpaid compensatory damages;

D.  Awarding her punitive damages

E.  Awarding her reasonable attorneys' fees;

F.  Awarding her the costs of this action; and

G.  Entering any other relief deemed just and reasonable by this Court.

## **DEMAND FOR JURY TRIAL**

Sharma demands a trial by jury of all claims in this Complaint so triable.

Dated: April 6, 2023                 Respectfully Submitted,

/s/ Seth Yohalem
_____
Seth Yohalem
WASKOWSKI JOHNSON YOHALEM LLP
Firm I.D. No. 59522
954 West Washington Boulevard
Suite 322
Chicago, Illinois 60607
syohalem@wjylegal.com
Phone: 312-278-3153

The Garfinkel Group, LLC
Max Barack
max@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

*Counsel for Preeti Sharma*

FILED DATE: 4/6/2023 4:43 PM   2023L003382

## **AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222(b)**

Pursuant to Illinois Supreme Court Rule 222(b), counsel for Plaintiff confirms that Plaintiff seeks money damages in excess of $50,000.

Dated:  April 6, 2023                              /s/ Seth Yohalem

Exhibit B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PREETI SHARMA, )
)
      Plaintiff, )
)
v. )    No. 2023L003382
)
)
)
MMD Services, Inc.; Maria Dubov; )
Ardagh Metal Packaging USA Corp, )
)
)
)
      Defendants. )

## NOTICE AND ACKNOWLEDGMENT OF
## RECEIPT OF SUMMONS AND COMPLAINT

To:    Amy S. Cramer,
        Cramer Law Group
        161 N. Clark, Suite 1700
        Chicago, IL 60601
        acramer@cramer-law.com

      The enclosed summons and complaint are served pursuant to Section 2-213 of the Code of Civil Procedure.

      You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within thirty (30) days.

      You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

      If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served this Notice) may be served a summons and complaint in any other manner permitted by law.

      If you do complete and return this form, you (or the party on whose behalf you are being served this Notice) must answer the enclosed complaint within sixty (60) days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

      The undersigned declares under penalty of perjury, that this notice and acknowledgement of receipt of summons and complaint will have been mailed on April 11, 2023.

Signature:    */s/Max P. Barack*
Date:         April 11, 2023

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at: 161 N. Clark, Suite 1700, Chicago, IL 60601; acramer@cramer-law.com

PRINT or TYPE Name:

_Amy S. Cramer_

Relationship to Entity/Authority to Receive Service of Process:

_Counsel for MMD Services Inc_
(Not Applicable if you are the named Defendant or Respondent)

Signature: _Amy S. Cramer_

Date of Signature: _4/12/2023_

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PREETI SHARMA,                            )
                                          )
      Plaintiff,                        )
                                          )
v.                                        )    No. 2023L003382
                                          )
                                          )
                                          )
MMD Services, Inc.; Maria Dubov;          )
Ardagh Metal Packaging USA Corp,          )
                                          )
                                          )
                                          )
      Defendants.                       )

### NOTICE AND ACKNOWLEDGMENT OF
### RECEIPT OF SUMMONS AND COMPLAINT

To:    Amy S. Cramer,
        Cramer Law Group
        161 N. Clark, Suite 1700
        Chicago, IL 60601
        acramer@cramer-law.com

      The enclosed summons and complaint are served pursuant to Section 2-213 of the Code of Civil Procedure.

      You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within thirty (30) days.

      You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

      If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served this Notice) may be served a summons and complaint in any other manner permitted by law.

      If you do complete and return this form, you (or the party on whose behalf you are being served this Notice) must answer the enclosed complaint within sixty (60) days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

      The undersigned declares under penalty of perjury, that this notice and acknowledgement of receipt of summons and complaint will have been mailed on April 11, 2023.

Signature:    */s/Max P. Barack*
Date:          April 11, 2023

### ACKNOWLEDGMENT OF RECEIPT OF
### SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at: 161 N. Clark, Suite 1700, Chicago, IL 60601; acramer@cramer-law.com

PRINT or TYPE Name:

*Amy S. Cramer*

Relationship to Entity/Authority to Receive Service of Process:

*Counsel to Maria Dobov*

(Not Applicable if you are the named Defendant or Respondent)

Signature: *Amy S. Cramer*

Date of Signature: *4/12/2023*