**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PREETI SHARMA,<br><br>Plaintiff,<br><br>v.<br><br>MMD SERVICES, INC., MARIA DUBOV, and ARDAGH METAL PACKAGING USA CORP.,<br><br>Defendants. | No. 23-cv-02887<br><br>Judge Andrea R. Wood |

**AGREED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the following Protective Order shall govern the handling of all discovery in the above-captioned case (the "Litigation"):

1. **Scope of Order.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collective "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidentiality Designations.** Any party producing information in relation to this Litigation may designate any document, information, or discovery response, produced in this case as protected by marking each page of it at or before the time of production or exchange with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such designations may also be made in the course of depositions. All "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" designations must be based on the good faith belief that the information constitutes highly sensitive business or commercial information, the disclosure or use of which may cause material competitive injury to the producing party and the producing party must have a compelling reason why disclosure to the non-producing parties under a "CONFIDENTIAL" designation will not prevent such injury. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information, or (b) information subject to a legally protected right of privacy. Applying the marketing "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Undertaking**. Any documents or materials marked either "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, deposition, hearing, and trial; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein.

4. **Manner of Designation.**

a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" on all pages or any part of the document or thing. Documents or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 8.

b. Any party may designate any portion of a deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so stating on the record at the deposition or by providing written notice after the deposition to the court reporter and every other party to the Litigation for up to fourteen days after the deposition concludes.

5. **Use of and Access to Confidential Information.**

a. CONFIDENTIAL - ATTORNEYS' EYES ONLY: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

i. The Court or any Court personnel;

ii. Court Reporters and videographers employed in connection with the Litigation;

iii. Outside Counsel for the parties in this proceeding and their paralegals, law clerks, and clerical staff who are providing active assistance with the Litigation;

iv. Professional vendors that assist Outside Counsel in the prosecution or defense of this Action, hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services;

v. Any bona fide expert retained by any party for the purposes of the Litigation (who shall not be an employee of or a non-litigation consultant to a party);

vi. Any witness at a deposition, hearing, or trial, if it appears from the face of the document, or from other documents or testimony, to have been authored by the witness, used by the witness, received by the witness, or properly communicated to the witness;

vii. Any mediator or other third parties who are appointed by the Court or retained by the parties for settlement purposes;

viii. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

b. CONFIDENTIAL: Except as set forth herein or in any subsequent order or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

i. The Court, or any Court personnel;

ii. Court Reporters and videographers employed in connection with the Litigation;

iii. Counsel for the parties in this proceeding and their paralegals, law clerks, and clerical staff who are providing active assistance with the Litigation;

iv. Professional vendors that assist Outside Counsel in the prosecution or defense of this Action, hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services;

v. (1) Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; (2) any party to the Litigation, limited to officers and/or five (5) other employees of a party who (i) have decision making authority for the party in this litigation, or (ii) are actively engaged in assisting that party's outside attorneys in the conduct of the Litigation; and (3) any non-party witness at a deposition, hearing, or trial, if (A) it appears from the face of the document, or from other documents or testimony, to have been used by the witness, received by the witness, or properly communicated to the witness; or (B) if the witness is employed by the producing party; or (C) counsel, in good faith, believes the document may be used to obtain relevant information from the witness at the deposition, hearing, or trial.

vi. Any expert or consultant retained by any party for the purposes of the Litigation (who shall not be an employee of or a non-litigation consultant to a party);

vii. Any mediator or other third parties who are appointed by the Court or retained by the parties for settlement purposes; or

viii. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

6. **Safeguarding Confidential Information.** The recipient of any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of such material.

7. **Final Disposition.** Within ninety (90) days of the conclusion of the Litigation, including any appeals, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information furnished pursuant to the terms of this Order, and any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

8. **Challenging Confidential Designation.** A party may oppose the designation of protected material at any time before trial in the Litigation. The party opposed to the designation shall notify the designating party or producing party of the disagreement and attempt to resolve the matter through a meet and confer. If the matter cannot be resolved, the objecting party shall file a motion with the Court to resolve the designation dispute, but the party asserting confidentiality bears the burden of proving the confidential designation. Until the matter is resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing or designating party as prescribed in this Order. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. The parties shall take all reasonable efforts to resolve any such disputes.

9. **Modification of Order**. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order.

10. **Use of Information.** Nothing in this Order shall limit the producing party or person from using its own documents and information in any fashion it may desire. If any party wishes to file with the Court documents, testimony, or other information designated by another party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" it may do so by following the procedures set forth in Local Rule 26.2. A party may meet its burden for filing such documents simply by stating that another party has designated the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designating party shall bear the burden of showing why any such documents should be sealed rather than filed in the public domain.

11. **Inadvertent Production of Confidential, Privileged, or Attorney Work Product Documents.** The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential, privileged, or attorney work product and shall not constitute a waiver of any claim or privilege that may otherwise attach thereto or a general waiver of such claim or privilege, provided the producing party took reasonable steps to prevent the inadvertent disclosure. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days, or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party. The

provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in this matter. Nothing herein shall prevent the receiving party from contending that privilege was waived for reasons other than the mere inadvertent production thereof.

12. **Production by Non-Parties.** The existence of this Protective Order shall be disclosed to any non-party producing documents or information in the Litigation who may reasonably be expected to desire confidential treatment of such information. A copy of this Protective Order shall be served along with any subpoena served in connection with this Litigation. Such non-parties may avail themselves of the protections of this Order.

13. **Protected Information Subpoenaed or Ordered Produced in Other Litigation**. If a Receiving Party is served with a subpoena, discovery request, or an order issued in other litigation or proceeding that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party must immediately notify the producing party in writing (by email attachment, if possible) of such subpoena, discovery request, or order. Such notification must include a copy of the subpoena, discovery request, or order. The receiving party also must immediately inform in writing the person or entity that caused the subpoena, discovery request or order to issue in the other litigation that some or all the material covered by the subpoena, discovery request or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the producing party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena, discovery request, or order issued.

Should the producing party choose to limit such production, the producing party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Litigation to disobey a lawful directive from another court.

14. **Unauthorized Disclosure of Protected Materials.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the producing party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

15. **Limitations to Application.** The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not apply to:

a. Any information, document, or thing which at the time of disclosure to a receiving party is in the public domain;

b. Any information, document, or thing which after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; or

c. Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

Dated: July 19, 2023

Andrea R. Wood
United States District Judge